Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

## SEALED BY ORDER OF THE COURT
United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 0 6 2006

at 2 o'clock and 30 min. P M
SUE BEITIA, CLERK

U.S.A. vs. ISAAC DWAYNE AKAU          Docket No. CR 02-00075SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ISAAC DWAYNE AKAU who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 7th day of October 2002, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

   1. The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

   2. The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

   3. The defendant is prohibited from possessing any illegal or dangerous weapons.

   4. The defendant shall provide the Probation Office access to any requested financial information.

   On 10/21/2005, the Court revoked the defendant's term of supervised release in response to numerous violations, including his refusal to comply with drug testing, his testing positive for marijuana, and his failure to participate in substance abuse treatment. The Court sentenced the defendant to four (4) months imprisonment, to be followed by a thirty-two-(32) month term of supervised release. The following special conditions were ordered:

   1. That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

   2. That the defendant serve up to 6 months community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the



SEALED
BY ORDER OF THE COURT

    defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

3. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. On 8/25/2006 and 9/23/2006, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1.

2. On 10/2/2006, the subject engaged in conduct constituting a crime in the State of Hawaii, to wit, Forgery in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-852 and in violation of the General Condition.

3. On 9/8/2006, the subject provided a urine specimen that tested positive for methamphetamine, in violation of the General Condition and Standard Condition No. 7.

4. On 8/23/2006, the subject failed to participate and comply with substance abuse treatment, in violation of Special Condition No. 1.

5. From April through August 2006, the subject failed to submit a truthful and complete written report within the first five days of each month, in violation of Standard Condition No. 2.

Prob 12C
(Rev. 1/06 D/HI)

3

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  6th of October 2006

*Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*Timoth M. Jenki*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 6th day of October, 2006, and ordered filed and made a part of the records in the above case.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **AKAU, Isaac Dwayne**
      **Criminal No. CR 02-00075SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 2/17/2006, the subject commenced his second term of supervised release. On 2/23/2006, this officer reviewed all supervision conditions with the subject, who acknowledged understanding all of the conditions. On 3/1/2006, the subject was referred to Freedom Recovery Services, Inc. (FRS) to participate in a one-year federal drug aftercare program, which includes both counseling and drug testing. The drug testing protocol was specifically reviewed with the subject on the same date.

On 10/3/2006, the Court was notified of alleged violations Nos. 1, 3, 4 and 5. The Court concurred with this officer's recommendation that no further action be taken at that time, as the subject had admitted his relapse into illicit drug use and had committed himself to pursuing a dual-track treatment program, designed to address both his substance abuse and mental health issues. However, this petition reflects additional noncompliance.

**Violation No. 1 - Refusal to Comply With Drug Testing:** On 8/25/2006, the subject failed to report for drug testing at FRS. When questioned about his failure, the subject stated that he had been on a side-job with a friend. Given the lack of an acceptable verification source and the subject's failure to contact this officer before missing the drug test, the subject's failure to report was not excused and he was admonished.

On 9/23/2006, the subject failed to report for drug testing at FRS. When questioned about his failure, the subject related that he had not been aware that drug testing times were different during the weekend. However, the drug testing times are included in the recorded message that offenders are required to call on a daily basis.

The drug testing protocol was thoroughly explained to the subject on 3/1/2006. He acknowledged that he fully understood the requirements of drug testing. Given that the defendant was oriented to the drug testing protocol and submitted to drug testing at the FRS on previous occasions, his failure to submit to drug testing on the above-referenced dates constitutes a refusal to comply with drug testing.

**Violation No. 2 - Engaging in Conduct Constituting a State of Hawaii Criminal Offense:** On 10/5/2006, the subject was arrested by the Honolulu Police Department (HPD) for the offense of Forgery in the Second Degree, which is a Class C felony in the State of Hawaii, punishable by up to five (5) years imprisonment. According to HRS § 708-852, "a person commits the offense of forgery in the second degree if, with intent to defraud, the person falsely . . . endorses . . . or utters a forged instrument, which is or purports to be . . . a commercial instrument, or other instrument

Re:   **AKAU, Isaac Dwayne**
      **Criminal No. CR 02-00075SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

which does . . . transfer . . . or otherwise affect a legal right, interest, obligation, or status." The commentary to the statute indicates that Forgery in the Second Degree includes "generally all negotiable instruments," of which checks are a classic example.

A subsequent review of the relevant police report reveals that on 10/2/2006, the subject cashed a check for $500.00 at a First Hawaiian Bank branch. The check was made payable to the subject and was written on the account of the Oxford House clean-and-sober group home at 1566 Violet Street. The subject was residing at this Oxford House facility on the date of the alleged incident. The check carried the forged signatures of Kenneth Baffa and Lonetona Seiuli. Kenneth Baffa is the custodian of the financial books of the Oxford House group home at 1566 Violet Street, and Lonetona Seiuli is the facility president. Both Kenneth Baffa and Lonetona Seiuli indicated to the police that they never signed the check nor authorized the subject to withdraw funds from the house account.

The police report also included the following record of a conversation between the subject and Joe Chavez, the director of the Oxford House program in Hawaii. The conversation took place during the subject's arrest by HPD:

SUBJECT:   I was not the one who stole the check. Me [sic] and a roommate was [sic] gambling, he told me that I owe him money, so I had to cash the check. So I cashed the check.

CHAVEZ:    So you knew the check was stolen?

SUBJECT:   Yeah, I knew the check was stolen.

On 10/6/2006, this officer discussed the subject's case with the investigating detective at HPD. The detective informed this officer that he would be attempting to file a charge against the subject for Forgery in the Second Degree by 10/7/2006.

**Violation No. 3 - Positive Urine Test for Methamphetamine:** On 9/8/2006, the subject provided a urine specimen that tested positive for methamphetamine. When questioned, the subject denied having used any illicit substance, stating that he had only used off-the-counter medication for his sore throat. After the positive confirmation tests were received from the laboratory, the subject admitted that he had used methamphetamine and said that he had obtained the illicit substance from an acquaintance. The subject was immediately placed in the most stringent frequency of drug testing. In addition, this officer consulted with the subject's substance abuse counselor in order to address the problem directly. The counselor determined that the

Re:  AKAU, Isaac Dwayne
     Criminal No. CR 02-00075SOM-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 3

subject could remain at his current counseling track, with specific attention focused on the causes of his relapse. In addition, the counselor indicated that the subject's enrollment in mental health treatment would adequately supplement and meet his counseling needs.

**Violation No. 4 - Failure to Participate in Substance Abuse Counseling:** On 8/23/2006, the subject failed to report for a drug counseling session at FRS. When questioned about his failure, the subject stated that he had inadvertently forgotten about the session. The subject was verbally reprimanded and instructed to schedule his next counseling session immediately. The subject complied with this instruction.

**Violation No. 5 - Failure to Submit Monthly Supervision Reports:** From April through August 2006, the subject failed to submit to this officer truthful and complete monthly written reports, as required. The subject was unable to provide any explanation for his failure to do so. The subject was reprimanded and directed to submit all future monthly supervision reports personally at the beginning of each month.

The subject has been given numerous opportunities to address the various issues that may be hindering his rehabilitative progress. In determining an appropriate response to the subject's past violations, this officer attempted to balance meaningful sanctions with the subject's rehabilitative interest, especially with regard to his participation in both substance abuse and mental health treatment programs, and his efforts to obtain gainful employment in his chosen career field. However, these efforts have been repeatedly undermined by the poor choices of the subject himself. It should be noted that the subject received several incident reports while at Mahoney Hale for violating the rules of that facility and is now facing criminal charges for conduct directed against another rehabilitative facility. The most recent violation indicates that the

Re:   AKAU, Isaac Dwayne
      Criminal No. CR 02-00075SOM-01
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

subject is no longer amenable to supervision and presents an unacceptable risk to the community.

Respectfully submitted by,

*Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*Timoth M. J---*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/ct

Re:   **AKAU, Isaac Dwayne**
      **Criminal No. CR 02-00075SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     ISAAC DWAYNE AKAU                              Docket No. CR 02-00075SOM-01

*I.D.A.*    Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 32 months commencing 2/17/2006.

*I.D.A.*    The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

*I.D.A.*    The defendant shall not commit another federal, state, or local crime.

*I.D.A.*    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

*I.D.A.*    ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

*I.D.A.*    ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

*I.P.A.*    (1)   The defendant shall not leave the judicial district without the permission of the court or probation officer; *I CANNOT LEAVE THE ISLAND OF OAHU WITHOUT PERMISSION FROM P.C*

*I.D.A.*    (2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

*I.D.A.*    (3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

I.D.A. (4) The defendant shall support his or her dependents and meet other family responsibilities;

I.D.A. (5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

I.D.A. (6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment; *NOTIFY P.O. IMMEDIATELY (WITHIN 24 HRS.) IF I AM INVOLUNTARILY TERMINATED FROM EMPLOYMENT.*

I.D.A. (7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

I.D.A. (8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

I.D.A. (9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

I.D.A. (10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

I.D.A. (11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

I.D.A. (12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

I.D.A. (13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

I.D.A.  See next page for special conditions

I.D.A.  Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I.D.A.  These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Isaac Dwayne Akau_          2-23-2006
         ISAAC DWAYNE AKAU, Defendant      Date

         _J. Martin Romualdez_           2-23-2006
         J. MARTIN ROMUALDEZ             Date
         U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   ISAAC DWAYNE AKAU
       Docket No. CR 02-00075SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

*I.D.A.* (1)   The defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

*I.D.A.* (2)   The defendant shall serve up to 6 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

*I.D.A.* (3)   The defendant shall execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

*I.D.A.* (4)   The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

*I.D.A.* (5)   The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

*I.D.A.*   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Isaac D. Akau_                          _2.23.2006_
          ISAAC DWAYNE AKAU, Defendant              Date

          _Martin Romualdez_                        _2.23.2006_
          J. MARTIN ROMUALDEZ                        Date
          U.S. Probation Officer